# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ALEX CICCOTELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| PRGX GLOBAL, INC., RONALD E. STEWART, KEVIN F. COSTELLO, MATTHEW A. DRAPKIN, WILLIAM F. KIMBLE, MYLLE H. MANGUM, GREGORY J. OWENS, JOSEPH E. WHITTERS, PLUTO ACQUISITIONCO INC., and PLUTO MERGER SUB INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on December 24, 2020 (the "Proposed Transaction"), pursuant to which PRGX Global, Inc ("PRGX" or the "Company") will be acquired by affiliates of Ardian North America Fund II, L.P.

2. On December 24, 2020, PRGX's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Pluto Acquisitionco Inc. ("Parent"), a Delaware corporation, and Pluto Merger Sub Inc. ("Merger Sub," and together with Parent, "Pluto"). Pursuant to the terms of the Merger Agreement, PRGX's stockholders will receive $7.71 in cash for each share of PRGX common stock they own.

3. On January 29, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of PRGX common stock.

9. Defendant PRGX is a Georgia corporation and a party to the Merger Agreement. PRGX's common stock is traded on the NASDAQ under the ticker symbol "PRGX."

10. Defendant Ronald E. Stewart is President, Chief Executive Officer, and a director of the Company.

11. Defendant Kevin F. Costello is a director of the Company.

12. Defendant Matthew A. Drapkin is a director of the Company.

13. Defendant William F. Kimble is a director of the Company.

14. Defendant Mylle H. Mangum is a director of the Company.

15. Defendant Gregory J. Owens is Chairman of theBoard of the Company.

16. Defendant Joseph E. Whitters is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

19. Defendant Merger Sub is a Georgia corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20. PRGX helps companies spot value in their source-to-pay processes. Having identified more than 300 common points of leakage, the Company helps companies get more value out of their source-to-pay data.

21. On December 24, 2020, PRGX's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, PRGX's stockholders will receive $7.71 in cash for each share of PRGX common stock they own.

23. According to the press release announcing the Proposed Transaction:

PRGX Global, Inc. (Nasdaq: PRGX), a global leader in recovery audit and spend analytics services, and Ardian, a world-leading private investment house, today announced that they have entered into a definitive agreement for Ardian to acquire PRGX. The transaction is led by Ardian's North America Direct Buyouts team.

Under the terms of the agreement, Ardian will pay PRGX shareholders $7.71 per share in cash for each share of PRGX's common stock they hold, which represents a 32.7% premium to the PRGX volume-weighted average price for the 90 trading days preceding the public announcement of the transaction with Ardian. The all-cash transaction, subject to completion, is valued at approximately $195 million. The members of the PRGX Board of Directors are unanimously in favor of the transaction, which was approved at a special meeting of the Board. Upon closing, PRGX will operate as a privately held company. . . .

Transaction Details

Pursuant to the terms of the agreement, Ardian will acquire all of the outstanding shares of PRGX's common stock, in an all-cash transaction, for $7.71 per share. Closing of the transaction is conditioned upon, among other things, receipt of shareholder approval, clearance under the Hart-Scott-Rodino (HSR) Antitrust Improvements Act of 1976, as amended, and other customary closing conditions. The closing of the transaction is not conditioned on financing. PRGX expects the transaction to close during the first quarter of 2021.

Each of PRGX's directors and executive officers and Northern Right Capital Management, L.P., a shareholder of PRGX, have agreed to vote their shares in favor of the definitive merger agreement and the merger, subject to certain terms and conditions. These shareholders collectively own approximately 14% of PRGX's outstanding shares as of the date of the merger agreement. The support agreements will terminate upon termination of the merger agreement in accordance with its terms in order for PRGX to accept a superior offer and upon certain other circumstances.

Truist Securities, Inc. is acting as financial advisor to PRGX, and Troutman Pepper Hamilton Sanders LLP is serving as legal advisor to PRGX. Sheppard, Mullin, Richter & Hampton LLP is serving as legal advisor to Ardian.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

24. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

25. As set forth below, the Proxy Statement omits material information.

26. First, the Proxy Statement omits material information regarding the Company's financial projections.

27. The Proxy Statement fails to disclose: (i) all line items used to calculate EBITDA and adjusted EBITDA; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Truist Securities ("Truist").

30. With respect to Truist's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; and (ii) the terminal values used in the analysis.

31. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

32. Third, the Proxy Statement fails to disclose material information regarding Truist.

33. The Proxy Statement fails to disclose the amount of Truist's compensation that is contingent upon the consummation of the Proposed Transaction.

34. The Proxy Statement also fails to disclose the timing and nature of any past services Truist provided to the parties to the Merger Agreement or their affiliates, as the well the amount of compensation Truist received for providing such services.

35. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

36. Fourth, the Proxy Statement fails to disclose whether the Company entered into any nondisclosure agreements that contained "don't ask, don't waive" provisions.

37. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

38. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and PRGX**

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. PRGX is liable as the issuer of these statements.

41. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

45. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Pluto

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants and Pluto acted as controlling persons of PRGX within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of PRGX and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants and Pluto was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly

after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

51. Pluto also had supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

52. By virtue of the foregoing, the Individual Defendants and Pluto violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants and Pluto had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 5, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*